

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-442-CR

MICHAEL Q. MAYS                                                     APPELLANT

V.

THE STATE OF TEXAS                                                       STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Michael Q. Mays attempts to appeal his conviction for possession of a controlled substance, cocaine, in the amount of less than one gram. We have considered his "Motion to Extend Time to File Notice of Appeal." We deny appellant's motion and dismiss the appeal for want of jurisdiction.

Pursuant to rule 26.2 of the rules of appellate procedure, a notice of appeal must be filed within thirty days after the date sentence is imposed, or within ninety days after the date sentence is imposed if the defendant files a

---

[1]*See* TEX. R. APP. P. 47.4.

timely motion for new trial.[2] A jury found appellant guilty, and on August 29, 2007, the trial court sentenced him to thirteen months in state jail. Appellant filed a motion for new trial; thus, his notice of appeal was due on November 27, 2007. Appellant, however, filed his notice of appeal on November 30, 2007.

Further, a timely motion to extend time for filing a notice of appeal would have been due within fifteen days of November 27, 2007, or on December 12, 2007.[3] Appellant's motion to extend time to file notice of appeal was not filed until January 9, 2008.

In appellant's motion, counsel alleges that the late filing of the notice of appeal was unintentional, was not appellant's fault, and was caused by miscounting the days from the imposition of the sentence. Counsel further alleges that he did not discover that the notice of appeal was untimely until our December 31, 2007 letter informing him that we were concerned that we lacked jurisdiction. He requests that we suspend the rules of appellate procedure pursuant to rules 2 and 26.3 to allow the late filing of appellant's notice of appeal.

---

[2]TEX. R. APP. P. 26.2(a)(1)–(2).

[3]TEX. R. APP. P. 26.3.

A notice of appeal that complies with the requirements of rule 26 is essential to vest this court with jurisdiction.[4]  While we sympathize with counsel's miscalculation of the appellate timetable, we may not suspend the rules of appellate procedure pursuant to rule 2 to extend the time for perfecting an appeal.[5]  Without a timely filed notice of appeal or a timely filed motion for extension of time, we lack jurisdiction over the appeal and may take no action other than to dismiss the appeal.[6]

Accordingly, we deny appellant's "Motion to Extend Time to File Notice of Appeal" and dismiss the appeal for want of jurisdiction.[7]

PER CURIAM

PANEL  D:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  March 27, 2008

---

[4]*Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

[5]*Id.*; *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996).

[6]*Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522–23.

[7]*See* TEX. R. APP. P. 26.2(a), 43.2(f).